528

(No. 2346— )

JOSEPH KIEGEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

MILLER & THOMAS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim is submitted on a stipulation of facts under which it appears that plaintiff was employed on May 29, 1933, in the State Highway Department; his duties consisting of patrolling the concrete highways, and making repairs thereon; that on the day in question while engaged in the performance of his regular duties on the concrete highway between Rockford and Shirland, Illinois, he was struck by an automobile and both his legs were fractured just below the knees. He was confined in the hospital for five weeks under the care of Dr. T. H. Culhane and plaintiff was totally disabled from the date of the accident to December 16, 1933, inclusive. His average weekly earnings amounted to $14.85 and on the date of the injury and at the time of the hearing he was married and the father of three children under the age of sixteen years.

The State has settled the bill of St. Anthony's Hospital of Rockford, Illinois, in the sum of One Hundred Twenty-five and 75/100 Dollars ($125.75) and has paid Dr. Culhane the sum of Twenty-two Dollars ($22.00) and there remains due the latter the sum of One Hundred Two Dollars ($102.00). The State has also paid plaintiff compensation in the sum of Two Hundred Fifteen and 35/100 Dollars, $(215.35). Notice of the accident was duly given and claim was filed within the time prescribed by the Workmen's Compensation Act and plaintiff seeks an award for further temporary total disability and for fifteen per cent (15%) of the total loss of the

permanent use of both legs, including a lifetime pension under Par. F of Section 8 of the Act.

The proof supports an award for part of the items claimed. The period of temporary total disability was 28-4/7 weeks, for which the minimum of Seven and 50/100 Dollars ($7.50) per week is increased to Thirteen Dollars ($13.00) per week by reason of the three children under sixteen years of age. The amount of temporary total disability would therefore be Three Hundred Seventy-one and 43/100 Dollars ($371.43); of which latter sum Two Hundred Fifteen and 35/100 Dollars ($215.35) has been paid, leaving a balance due for temporary disability of One Hundred Fifty-six and 08/100 Dollars ($156.08). As to the permanent disability the record discloses that one leg is one-half inch shorter than the other, and a permanent disability of fifteen per cent (15%) has been estimated. We cannot say that a fifteen per cent (15%) disability is also due for the other leg from the fact that it necessarily is therefore one-half inch longer than its mate. The Statute provides:

"For the loss of a leg, or the permanent and complete loss of its use, 50% of the average weekly wage during 190 weeks."

On the basis of Thirteen Dollars ($13.00) per week a total loss would be Two Thousand Four Hundred Seventy Dollars ($2,470.00), fifteen per cent (15%) thereof is Three Hundred Seventy and 50/100 Dollars ($370.50), being the amount of partial permanent disability due for the fifteen per cent (15%) loss of use of plaintiff's leg. To these items should be added the further sum of One Hundred Two Dollars ($102.00) due plaintiff for the use of Dr. T. H. Culhane, making a total of Six Hundred Twenty-eight and 58/100 Dollars, ($628.58).

An award is hereby allowed in favor of plaintiff for the several items last above mentioned in the total sum of Six Hundred Twenty-eight and 58/100 Dollars ($628.58), of which the sum of One Hundred Two Dollars ($102.00) is for the use of Dr. Culhane.